**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GOLAN MILOVANOVIC,

    Petitioner,

v.                                                CASE NO. 8:05-CV-2319-T-30MSS
                                                         8:03-CR-240-T-30MSS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

    This cause is before the Court on Petitioner's motion to vacate, set aside, or correct his sentence and supporting memorandum of law filed pursuant to 28 U.S.C. § 2255 (CR Dkt. 114/CV Dkt. 1). The Court has undertaken a preliminary review of the motion and memorandum, as well as the prior proceedings in the underlying criminal case, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. After doing so, the Court concludes that the motion is due to be summarily dismissed without an evidentiary hearing because it plainly appears from the face of the motion and memorandum and the prior criminal proceedings that Petitioner is entitled to no relief. Consequently, the Court needs no response from Respondent.

    On February 11, 2004, represented by court-appointed counsel, Petitioner entered a plea of guilty pursuant to a written plea agreement to the charge of conspiring to distribute and to possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of 3- 4-methylenedioxymethamphetamine ("MDMA"), a Schedule I controlled substance, in violation of 21 U.S.C. § 846 and 841(b)(1)(C) (CR Dkt. 71). The plea agreement contained a waiver of appeal provision (CR Dkt. 67 at 11). Petitioner does not contest the validity of the plea agreement.

Petitioner was sentenced on February 17, 2005, to serve a term of 78 months imprisonment, to be followed by a 36-month term of supervised release (CR Dkt. 107). Judgment was entered the following day. Petitioner did not file a direct appeal.

On December 13, 2005, Petitioner filed a § 2255 motion for collateral relief and supporting memorandum of law (CR Dkt. 114/CV Dkt. 1). Petitioner raises several grounds, none of which merit relief.

First, Petitioner contends that the Court erred in imposing his sentence, arguing:

> District court committed clear error when it sentenced Petitioner above proscribed [sic] maximum authorized by charge. The Petitioner's indictment failed to charge an essential element of the charged offense; and therefore the District Court committed clear error when it sentenced the Petitioner above the prescribed maximum for an "undetermined" amount of drugs.

CV Dkt. 1 at 4 and Attach. at 1. The record refutes this contention. A review of the factual basis for Petitioner's plea agreement reflects that he agreed that his criminal conduct involved his possession of 22,143 MDMA tablets (CR Dkt. 67 at 14-15).[1]

Petitioner next claims that trial counsel was ineffective in some unspecified manner. Without such specification, the Court is unable to determine what prejudice Petitioner allegedly suffered. In any event, given Petitioner's valid appeal waiver, Petitioner has waived his right to question in a collateral proceeding the effectiveness of trial counsel at sentencing. *See Williams v. United States*, 396 F. 3d 1340 (11th Cir. 2005). Thus, this claim has no facial merit.

---

[1] On May 3, 2003, Petitioner delivered 5,528 MDMA tablets to co-defendant Thompson (774 grams estimated total net weight), and Petitioner produced an additional quantity of approximately 16,615 tablets of MDMA (2,562 grams estimated total net weight) during a subsequent search of his residence (CR Dkt. 67 at 14-15).

To the extent that the motion may be read to assert that Petitioner's case was infected with a *Blakely/Booker*[2] violation, in light of the broad waiver of appeal language contained in his plea agreement, he has waived his right to appeal on this basis. *See United States v. Rubbo*, 396 F. 3d 1330 (11th Cir. 2005); *accord United States v. Grinard-Henry*, 399 F. 3d 1294 (11th Cir. 2005). Moreover, the Eleventh Circuit Court of Appeals has held that the decisions in *Blakely* and *Booker* do not apply retroactively in a collateral review proceeding brought under § 2255. *See In re Andersen*, 396 F. 3d 1336 (11th Cir. 2005) (and cases cited); *accord Varela v. United States*, 400 F. 3d 864 (11th Cir. 2005). Hence, this claim, as the others, has no merit.

Finally, Petitioner contends that he is entitled to relief as a "victim of a miscarriage of justice" because he was "unjustly convicted," citing *Murray v. Carrier*, 477 U.S. 478 (1986). In light of the undisputed record evidence, Petitioner's claim of "actual innocence" is incredible.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's motion to vacate (Dkt. 1) is **DENIED**.
2. The Clerk is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 11, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties/Counsel of Record
SA:jsh

---

[2] *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004); *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 756 (2005) (finding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt").